IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FEDERAL INJURY CENTERS, LLC, a
Florida limited liability company,
**Plaintiff**,

v.

FEDERAL INJURY TREATMENT
CENTER OF FLORIDA, LLC, a Florida
limited liability company, FEDERAL
INJURY TREATMENT CENTERS OF USA,
LLC, a Florida limited liability company, DR.
MAYUR M. RESHEMWALA, an individual,
and ANDREW SINGER, an individual,

**Defendants**.

Case No.:

## <u>COMPLAINT</u>

Plaintiff FEDERAL INJURY CENTERS, LLC ("FEDERAL INJURY

CENTERS") brings this action against Defendants FEDERAL INJURY

TREATMENT CENTER OF FLORIDA, LLC ("FEDERAL INJURY

TREATMENT CENTER OF FLORIDA"), FEDERAL INJURY TREATMENT

CENTERS OF USA, LLC ("FEDERAL INJURY TREATMENT CENTERS OF

USA") and collectively referred to as "FEDERAL INJURY TREATMENT

CENTER DEFENDANTS", Dr. Mayur M. Reshemwala, ("RESHEMWALA") and

Andrew Singer ("SINGER"), and alleges:

## INTRODUCTION, JURISDICTION AND VENUE

1.     This action asserts claims for trademark infringement and unfair competition and false designation of origin under the Lanham Act 15 U.S.C. §1114 and 1125(a); unfair competition under Florida Statutes §501.201 et seq. and common law trademark infringement and unfair competition; and a claim for copyright infringement under the U.S. Copyright Act (17 U.S. §501 *et seq.*

2.     This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§1331 and 1338 as they arise under Federal statutes. This Court has pendent subject matter jurisdiction over the State law and common law claims under.

3.     This Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants are either corporate entities with a principal place of business in the Middle District of the United States District Court or are individuals employed by such entity and, upon information and belief, are residents of the State of Florida, within the Middle District.

## THE PARTIES

4.     Plaintiff FEDERAL INJURY CENTERS is a limited liability company organized under the laws of the State of Florida.

5.     Upon information and belief, Defendant FEDERAL INJURY TREATMENT CENTERS OF FLORIDA is a for-profit limited liability company

organized under the laws of the State of Florida, offering chiropractic and medical services, and is owned by Defendants RESHEMWALA and SINGER, and maintains a place of business in the city of Dunedin, in Pinellas County, Florida, and in Auburndale, Florida.

6.    Upon information and belief, Defendant FEDERAL INJURY TREATMENT CENTERS OF USA is a for-profit limited liability company organized under the laws of the State of Florida, offering chiropractic care and medical services, is owned by Defendant RESHEMWALA and SINGER, and purports to maintain a place of business in Ocala, Florida.

7.    Upon information and belief, Defendant RESHEMWALA is an individual owner/member of the FEDERAL INJURY TREATMENT CENTER Defendants and resides in Pinellas County in the State of Florida.

8.    Upon information and belief, Defendant SINGER is an individual owner/member of the FEDERAL INJURY TREATMENT CENTER Defendants, is or was the spouse of Defendant RESHEMWALA and upon information and belief, is employed by FEDERAL INJURY TREATMENT CENTER OF FLORIDA and resides in Pinellas County in the State of Florida.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.    Plaintiff FEDERAL INJURY CENTERS is the owner of the United States registered trademark "Federal Injury Centers" with registration number

6168077, filed on March 13, 2020, with a date of first use in commerce of at least as early as January 5, 2018, through its predecessor in interest, Future Health Care Systems, LLC ("FHCS").

10.    Both FHCS (during its time of operation) and then Plaintiff FEDERAL INJURY TREATMENT CENTERS assist and support medical practitioners in opening and operating medical facilities focused on providing services to Federal workers with injuries covered by Federal workers' compensation programs (Office of Worker's Compensation Claims, or "OWCP" claims).

11.    Plaintiff FEDERAL INJURY CENTERS has obtained a copyright registration on the website compilation and text of its website located at www.federalinjurycenters.com ("Federal Injury Centers Website"), registration number TX 9-224-186.

12.    Plaintiff FEDERAL INJURY CENTERS has obtained a copyright registration on documents it created, including:

    a.  A Compliance Poster, registration number TX 9-234-179;

    b.  Department of Labor Rehab Progress Notes, registration number TX 9-237-712.

13.    Plaintiff FEDERAL INJURY CENTERS has pending copyright registration applications on other relevant documents, including brochures and a manual, but registrations have not yet been granted yet.

14.    Plaintiff FEDERAL INJURY CENTERS was formed on January 6, 2020 specifically for the purpose of taking assignment of the Federal Injury Center business from its predecessor-in-interest FHCS, including the Federal Injury Centers Website, the business Facebook page, and the common law trademark "Federal Injury Centers".

15.    FEDERAL INJURY CENTERS thereafter filed its application for registration of the Federal Injury Centers trademark with the United States Patent and Trademark Office, and received a registration for that mark, registration number 6168077.

16.    FEDERAL INJURY CENTERS has continuously used the Federal Injury Centers trademark from the date of its assignment to the date of the filing of this Complaint.

17.    Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA, through its principals Defendants RESHEMWALA and SINGER, entered into a written partnership agreement with Plaintiff's predecessor FHCS to operate a medical business under the Federal Injury Center's trademark. That Defendant thereafter opened for business and FHCS treated it as a part of its Federal Injury Centers business system.

18.    Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA operated a medical facility at Dunedin, Florida, using the Federal Injury

Centers name and logo, and using FHCS's documents, including its Compliance Poster and its Department of Labor Rehab Progress Notes form, among other documents FHCS created. Defendant was listed on the Federal Injury Centers Website as one of its locations.

19.    Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA thereafter created a website at www.fitcousa.com which it used jointly with Defendant FEDERAL INJURY TREATMENT CENTERS OF USA.

20.    From 2018 to 2021 Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA operated under its written partnership agreement with FHCS.

21.    Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA and FHCS mutually determined that their written partnership agreement violated Florida State law prohibiting licensed chiropractors from sharing revenue with a non-licensed person or entity, and therefore would be unenforceable, and may lead to other legal ramifications under State law.

22.    Regardless of this realization that the written partnership agreement was non-compliant with Florida law, both FEDERAL INJURY TREATMENT CENTER OF FLORIDA and FHCS continued to perform under the partnership agreement, while unsuccessfully negotiating to replace that partnership agreement with a newer, more compliant business arrangement.

23.    After FHCS assigned the Federal Injury Center's business, and trademark, and website to Plaintiff, the Plaintiff converted the business from a series of partnerships to a franchise-based model and in May 2020 opened negotiations with FEDERAL INJURY TREATMENT CENTER OF FLORIDA and RESHEMWALA and SINGER with the intent of converting it from a partnership with FHCS to become a Federal Injury Center franchise.

24.    The negotiations between Plaintiff FEDERAL INJURY CENTERS and Defendants FEDERAL INJURY TREATMENT CENTER OF FLORIDA, REMSHAMWALA and SINGER ceased on March 3, 2021, without any signed agreement when Defendant RESHEMWALA terminated those negotiations on behalf of all Defendants.

25.    On May 11, 2021, Plaintiff caused a cease-and-desist letter to be sent to Defendants RESHEMWALA, SINGER and FEDERAL INJURY TREATMENT CENTER OF FLORIDA, directing them to cease use of the Federal Injury Centers mark in connection with Defendants' medical practice or any other treatment center. They were instructed to re-brand their business by adopting a new name that was not confusingly similar to Plaintiff's trademark. They were also instructed to cease use of any training materials or forms provided to them for their operations, which were protected by U.S. Copyright law.

26.     Defendants continued to operate their medical practice under the same name, using a website that copied a substantial part of Plaintiff's website, and upon information and belief, continued using Plaintiff's materials, forms and brochures.

27.     Upon information and belief, Defendants RESHEMWALA and/or SINGER formed and began operating one or more additional locations under both FEDERAL INJURY TREATMENT CENTER Defendants, without any authorization or approval by FEDERAL INJURY CENTERS.

28.     Despite terminating negotiations to join the Federal Injury Center franchise system, all Defendants continued to use the Federal Injury Treatment Center name and mark, and continued use of Plaintiff's business model and website, apparently with the intent to benefit from Plaintiff's business system, website, documents and trademark, but without having to pay for it, as all other franchisees of Plaintiff's business system do.

29.     Defendants have been trading on the name, goodwill and reputation earned by Plaintiff.

## COUNT I

### COPYRIGHT INFRINGMENT, 17 USC §501 et seq.
### (Against all Defendants)

30.     Plaintiff repeats and realleges all allegations set forth above, as if more fully set forth herein.

31.     Plaintiff seeks to recover damages for copyright infringement against Defendants for use of Plaintiff's copyrighted material on Defendants' website, and other copyrighted material.

32.     Plaintiff FEDERAL INJURY CENTERS owns the domain name and the contents of the website that appears at https://www.federalinjurycenters.com.

33.     Plaintiff FEDERAL INJURY CENTERS has obtained a copyright registration to all written content on all pages of that website.

34.     The FEDERAL INJURY TREATMENT CENTER Defendants jointly operated a website located at www.fitcousa.com. Both of the limited liability Defendants' business names appeared prominently on the Home page of the website, and so upon information and belief, both FEDERAL INJURY TREATMENT CENTER OF FLORIDA and FEDERAL INJURY TREATMENT CENTERS OF USA owned and operated and benefited from the website.

35.     The Defendants' website at www.fitcousa.com copied, with minor changes, much of the text and appearance used in their website from Plaintiff's website.

36.     Both websites use a white, blue and red color scheme.

37.     On the Home page of Defendant FITCO's website, appeared a section titled "Why Federal Injury Treatment Centers of USA?" followed by the following text:

> *We are here to help injured federal workers find good doctors who know how to help them and how to get their injury claims accepted. We make sure that all treatments are medically indicated, all laws and rules are followed, and all patients are treated with respect and dignity. To all of our federal employees, we are committed to providing the best care possible.*

38.    This language was copied, virtually word-for-word, with minor changes in words or to the order of words, from Plaintiff's website's Home page, under the title "Welcome to Federal Injury Centers", which states the following text:

> *Our purpose is to give federal workers access to good doctors who know how to help them and who know how to get their injury claims accepted. We ensure that all treatment is medically indicated, all rules and laws are followed, and all patients are treated with respect and dignity. Our federal workforce deserves the highest level of care, and we are committed to delivering this to each and every patient we serve.*

39.    Further down on the home page of the Defendants' website was a section entitled "Workers' Compensation Specialists" and contained the following text:

> *You have the right to choose your doctor if you've been injured working for the federal government. Your federal worker's compensation injury should be treated by a doctor who has experience with DOL-OWCP injury claims and provides comprehensive care. Find out why Federal Injury Treatment Centers of USA is the preferred clinic for injured federal workers by calling [number omitted] today.*

40.    This language was copied from Plaintiff's website, which also has a section on the home page entitled "Worker's Compensation Doctors" and contains the following text:

*If you've been injured working for the federal government, you have the right to choose your doctor. Choose a doctor that is experienced in handling DOL-OWCP injury claims and provides comprehensive care for your federal workers' compensation injury. Call the Federal Injury Centers today at [number omitted] to see why we're the preferred clinic for injured feds.*

41.     On Defendant's website, at the page called www.fitcousa.com/owcp-forms there appeared a list of forms which are identical, and in the identical order as those forms which appear at Plaintiff's website at www.federalinjurycenters.com/owcp-forms.

42.     Plaintiff FEDERAL INJURY CENTER's selection of forms, and the order in which they are presented was the result of careful planning and choice. CA1, CA2 and CA2a are all notice forms and are grouped together for that purpose. CA16 and CA17 are forms that a patient is supposed to bring with them to the treatment center, and are followed by form CA20, which is always stapled or attached to the prior forms, and for that reason, all three forms are grouped together. Forms OWCP 915 and OWCP 957 are used to obtain reimbursement from the Department of Labor, and so are grouped together. Forms CA-1122 and CA-1108 are related to automobile accident injuries and so are grouped together. Most tellingly, the Form FECA SF1199a – Direct Deposit form was only included on Plaintiff's website as a result of a conversation between one of Plaintiff's principals and a Union President who specifically recommended that form should be included on this forms list. Plaintiff has never spoken of why that inclusion was made to Defendants or any of

Plaintiff's franchisees. The only reason Plaintiff would have included that form, in the same order – at the end of the list of forms – is if they simply went to Plaintiff's website and copied the entire list.

43.    Plaintiff FEDERAL INJURY CENTERS has invested significant time and money in creating its website, which is an integral part of its business, and is used for business purposes not only by Plaintiff, but by all of Plaintiff's franchisees.

44.    The content of Plaintiff's website are original, creative works in which Plaintiff FEDERAL INJURY CENTER owns protectable copyright interests.

45.    Defendants did not have permission or authorization to copy or use any of Plaintiff's website content.

46.    Upon information and belief, Defendants copied the above-described sections of Plaintiff's website, and the act of making slight changes to certain words or phrases, or the order of words illustrates that Defendants' actions were willful and intentional.

47.    Further, copying word for word entire pages or sections of Plaintiff's website, and using a very similar color scheme for Defendants' website shows the copying was intentional, knowing and a willful violation of Plaintiff's copyrights.

48.    The FEDERAL INJURY TREATMENT CENTER Defendants benefited from their willful copying of Plaintiff's website because they did not have

to devote the time, energy, or apply the years of experience which Plaintiff used in developing its own website.

49.   Defendants RESHAMWALA and SINGER are or were the owners and operators of the FEDERAL INJURY TREATMENT CENTER Defendants' businesses and were both actively involved in the negotiations to become a franchisee of FEDERAL INJURY CENTERS' franchise system, and actively involved in starting and operating the Defendants' businesses.

50.   Upon information and belief, the Defendants' actions in copying and using FEDERAL INJURY CENTERS' website content was part of their intent and plan to essentially take what they learned of Plaintiff's business system under an unenforceable, illegal partnership agreement and copy it, without becoming a franchisee and without paying any fees or royalties or any other expenses related to operating as a Federal Injury Centers franchisee.

51.   At a date in 2022 unknown to Plaintiff, Defendants took their infringing website down, after having used it for over a year.

52.   Upon information and belief, Defendants REMSHAMWALA and SINGER personally, knowingly and willfully participated in the Defendants' infringement of FEDERAL INJURY CENTERS' copyrights.

53.   Upon information and belief, Defendants received a financial benefit directly attributable to their copyright infringements.

54.     Upon information and belief, the Defendants' copyright infringements increased traffic to their website, diverted traffic from Plaintiff's website, and in turn caused Defendants to realize an increase in patients, revenues and profits.

55.     Upon information and belief, the Defendants' use of its website was a part of an overall scheme to copy Plaintiff's business system and benefit from it, without having to pay to join the Federal Injury Centers franchise system.

56.     In additional to copying Plaintiff's website, or portions or pages from that website, Defendants also copied and or used various pamphlets, signs, forms and documents created by Plaintiff or its predecessor, and the specific items, and the extent to which they used these items will be revealed during discovery, including a Compliance poster and a Department of Labor Rehab Progress Notes.

57.     The FEDERAL INJURY TREATMENT CENTER Defendants did not have to expend the time, energy, resources or develop the expertise necessary to independently develop the Compliance poster or the Department of Labor Rehab Progress Notes, and therefore unfairly benefited by their infringing use of those documents.

58.     Defendants have therefore infringed one or more of Plaintiff's copyrights and are liable to Plaintiff for actual damages under the Copyright Act.

## COUNT II

## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §§ 1117 and 1125(a)

### (Against all Defendants)

59.    Plaintiff repeats and realleges the allegations made from paragraphs 1 through 27 above, as if more fully stated at length here.

60.    Plaintiff FEDERAL INJURY CENTERS owns and operates a medical practice franchise system for the purpose of assisting franchisees in providing treatment to federal patients in need of medical care and assistance for OWCP injuries which are covered under a Federal workers compensation program.

61.    THE FEDERAL INJURY TREATMENT CENTER Defendants operate three or more medical facilities in the State of Florida which directly compete with Plaintiff's franchisees, offering the same services to the same kinds of patients with OWCP injuries.

62.    Defendants RESHEMWALA and SINGER are or were owners and managing members of the FEDERAL INJURY TREATMENT CENTER Defendants, and acted as agents of those entities, and substantially participated in their formation and operation.

63.    Plaintiff is the owner of the United States registered trademark "Federal Injury Centers" with registration number 6168077 (the "Mark), which includes

Plaintiff's logo, an interwoven blue and red cross, and is the assignee of the common law trademark rights for Federal Injury Centers from non-party FHCS.

64.    Defendants have used in commerce one or more words, terms, names, symbols or devices and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendants, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to Plaintiff's Mark, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

65.    The actions of Defendants described above have at all times relevant to this action been willful and intentional.

66.    On May 11, 2021, after Defendants terminated negotiations to purchase a franchise, Plaintiff caused a cease-and-desist letter to be forwarded to Defendants, directing them to re-brand their business using a name which was not confusingly similar to Plaintiff's registered trademark Federal Injury Centers.

67.    Defendants ignored that cease-and-desist letter, and intentionally continued to use business names which were confusingly similar to Plaintiff's registered trademark.

68.    In addition, Defendant FEDERAL INJURY TREATMENT CENTER OF FLORIDA continued to have a sign on the front of their building which used Plaintiff's registered mark, and Plaintiff's logo.

69.    The FEDERAL INJURY TREATMENT CENTER Defendants further operated a Facebook page using the infringing name, and displayed amongst its collection of photographs a depiction of Plaintiff's registered trademark and logo after they received the cease-and-desist letter.

70.    Defendant FEDERAL INJURY TREATMENT CENTERS OF USA further incorporates a blue cross inside of the "O" of FITCOUSA.

71.    Upon information and belief, when a potential patient uses the well-known search engine Google, and searches for Plaintiff's trademark "Federal Injury Centers", Defendants' website appeared on the first page of the organic search results until Defendants took their website down.

72.    The FEDERAL INJURY TREATMENT CENTER Defendant's Facebook page still appears on the first page of Google's relevant organic search results, above Plaintiff's own Facebook page.

73.    The FEDERAL INJURY TREATMENT CENTER Defendants' respective business names are a reproduction, counterfeit, copy or colorable imitation of the above registered trademarks and are being used in connection to the marketing and offering of chiropractic and medical services to OWCP patients,

which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

74.    Upon information and belief, patients have been, and continue to be actually confused between one or both of Defendants and the Plaintiff.

75.    As a result of the actions of the Defendants alleged above, Plaintiff's Marks and their good will have been damaged and will continue to be damaged, which in turn has caused and will continue to cause Plaintiff substantial monetary damages and have unfairly benefited Defendants.

76.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116(a).

77.    Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages and the costs of this action. 15 U.S.C. § 1117(a).

78.    This is an exceptional case that merits an award of reasonable attorney fees to Plaintiff under 15 U.S.C. § 1117(a)-(b).

79.    Defendants' aforesaid acts are likely to cause confusion, mistake or deception with Plaintiff's Mark.

## <u>COUNT III</u>
### FLORIDA DECEPTIVE AND UNFAIR COMPETITION
### FLORIDA STATUTES §501.201 ET SEQ.
### (Against all Defendants)

80.    Plaintiff repeats and realleges the allegations made from paragraphs 1 through 27 above, as if more fully stated at length here.

81.    Defendants have engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of their trade, all in violation of Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes § 501.201, et seq.

82.    Plaintiff is an "aggrieved" person under the FDUTPA and has standing to bring this claim.

83.    Defendants' infringement of Plaintiff's trademark rights constitutes deceptive and unfair business practices and is therefore a violation of Florida Statute §501.201.

84.    Infringing a Federally registered trademark or a common law trademark by using a business name or tradename that is confusingly similar to Plaintiff's trademark "Federal Injury Centers" is an unfair and deceptive trade practice that violates Florida Statute §501.201, *et seq.*

85.    Plaintiff FEDERAL INJURY CENTERS was aggrieved by this violation because consumer confusion is a threat to and undermines the credibility of Plaintiff's business and the business of its franchisees, and has led, or is likely to lead to loss of sales, referrals, referral sources and lost profits both for itself and its franchisees.

86.    Defendants' use of business names for their various locations which is confusingly similar to Plaintiff's name and registered trademark is, upon information

and belief, an intentional effort to capitalize on Plaintiff's reputation, marketing and advertising such that consumers will, or have and will likely continue to believe that Defendants' companies were or are related to Plaintiff and Plaintiff's franchisees or are authorized by or affiliated with Plaintiff or its franchisees.

87.    Plaintiff FEDERAL INJURY CENTERS has invested substantial time and money developing Plaintiff's name, trademark, logos, marks, domain name, its marketing and advertising and the business reputation associated with them and their franchisees.

88.    By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill associated with Plaintiff's names, logos, marks, domain name or tradenames and has suffered and will continue to suffer irreparable harm.

89.    Defendants' acts and practices as alleged herein offend public policy, are unethical, oppressive and unscrupulous, and cause and continue to cause Plaintiff substantial unavoidable injury.

90.    Accordingly, Defendants' acts and practices are violations of Florida Statutes § 501.201 *et seq.*

91.    Pursuant to Florida Statutes § 501.211, entry of an injunction to enjoin Defendants from continuing to violate the FDUTPA is necessary and appropriate.

92.    As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Plaintiff has sustained losses and damages.

93.     By reason of Defendants' acts, Plaintiff is entitled to damages.

94.     Plaintiff has suffered and continue to suffer irreparable damages and are without adequate remedies at law.

95.     Unless a temporary restraining order is entered and Defendants are preliminarily and then permanently enjoined by this Court, Defendants' unlawful acts will continue.

<u>**COUNT IV**</u>
**COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**
**(Against all Defendants)**

96.     Plaintiff FEDERAL INJURY CENTERS repeats and realleges the allegations made from paragraphs 1 through 23 above, as if more fully stated at length here.

97.     Plaintiff first adopted and continuously used the FEDERAL INJURY CENTERS trademark on January 6, 2020, with the specific purpose of taking assignment of the Federal Injury Center business from FHCS, including the Federal Injury Centers Website and the common law trademark "Federal Injury Centers".

98.     Plaintiff's predecessor in interest, Future Health Care Systems, LLC first adopted and then continuously used the common law trademark "Federal Injury Centers" from at least as early as January 5, 2018.

99.    Plaintiff FEDERAL INJURY CENTERS thereafter filed its application for registration of the Federal Injury Centers trademark with the United States Patent and Trademark Office. Defendants have infringed Plaintiff's names, logos, marks, domain name or tradenames, in violation of Plaintiff's proprietary rights. Such acts constitute unfair trade practices and unfair competition under the common law of the State of Florida.

100.    Defendants are using the Infringing Marks, without authorization, in commerce in connection with the Defendants' medical practice treatment centers.

101.    Defendants' unauthorized use of the Infringing Marks is causing customer confusion as to the source or origin of Defendants' services.

102.    Current and potential patients are likely to be confused and have been actually confused in such a way that they believed Defendants' medical practices were associated with Plaintiff's franchisees.

103.    Defendants are engaging in unfair acts of competition in violation of Florida law.

104.    Defendants' use of the Infringing Marks is causing and will continue to cause damage to Plaintiff including, but not limited to irreparable harm.

105.    A monetary award of damages alone cannot fully compensate Plaintiff for its damages caused by Defendants, and Plaintiff lacks an adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction against

Defendants restraining Defendants from using Plaintiff's Marks and/or and other confusingly similar variation, phonetic equivalent, or colorable imitation thereof.

106. Additionally, as a result of Defendants' actions described herein, Plaintiff is entitled to all other remedies available including, but not limited to, Defendants' profits, any damages sustained by Plaintiff, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FEDERAL INJURY CENTERS, prays for judgment against Defendants, FEDERAL INJURY TREATMENT CENTER OF FLORIDA, FEDERAL INJURY TREATMENT CENTERS OF USA, DR. MAYUR M. RESHEMWALA, and ANDREW SINGER, as follows:

A.    Finding Defendants liable for infringement of Plaintiff's registered copyrights;

B.    Finding Defendants liable for infringement of the Plaintiff's common law and registered trademark;

C.    Finding Defendants liable for violation of Florida's Deceptive and Unfair Trade Practices Act;

D.    For temporary and permanent injunctive relief enjoining Defendants and their respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendants, from:

     i.     using the Plaintiff's Mark or Infringing Marks, whether alone or in combination with other words or elements, or any other formative variations thereof or any mark confusingly similar to Plaintiff's Mark or Infringing Marks, in marketing, advertising, selling and/or providing any of Defendants' services, including on product labels, websites, Facebook, source identifiers, on the internet, as or in domain names, email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, or invisible data;

     ii.     falsely designating the origin of Plaintiff's Mark or otherwise creating a false association with Plaintiff or Plaintiff's franchise;

     iii.     injuring Plaintiff's goodwill and reputation; and

     iv.     doing any other act or thing that would likely induce the belief that Defendants' goods and services are in anyway connected with or sponsored, affiliated, licensed or endorsed by Plaintiff or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendants with Plaintiff or Plaintiff's franchise.

     D.     Ordering that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in

detail the manner and form in which Defendants have complied with the permanent injunction;

E.    Ordering Defendants to destroy any products bearing the Infringing Marks, and all documents and materials, including boxes, packaging, stationary, letterhead, business forms, business cards, statements, invoices, signage, webpages, brochures, pamphlets, and advertising and marketing materials bearing the Infringing Marks in accordance with 15 U.S.C. § 1118;

F.    Ordering Defendants to account for all profits derived from Defendants' unlawful use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

G.    Ordering Defendants to pay Plaintiff monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendants' profits plus damages sustained by Plaintiff as a result of Defendants' wrongful actions;

H.    Finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a), 1117(b) and 1125(c);

I.    Awarding Plaintiff its reasonable attorneys' fees incurred in connection with this action, including all fees incurred pre-suit;

J.    Finding that Plaintiff is entitled to recover its costs of Court; and

K.    For such other and further relief, the Court deems just and proper.

Dated: May 3, 2023

Respectfully submitted,

**GEGAN LAW OFFICE**

By:    ___*/s/ Edmund J. Gegan*_____
    EDMUND J. GEGAN, ESQUIRE
    Florida Bar No.: 068822
    1005 N. Marion Street
    Florida Legal Service Building
    Tampa, Florida 33602
    Telephone: (813) 248-8900
    Facsimile: (727) 471-0616
    E-Mail: Rashida.Willhoit@GeganOffice.com
    2nd E-Mail: LegalAssistant@GeganOffice.com